UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES WAYNE KIMBROUGH          ]
     Plaintiff,                 ]
                                ]
v.                              ]          No. 3:10-0033
                                ]          Judge Trauger
TENNESSEE DEPARTMENT OF         ]
CORRECTION, et al.              ]
     Defendants.                ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Tennessee Department of Correction; Dr. Mohammed Rassekhi, a physician at the Deberry Special Needs Facility; the Corrections Corporation of America; and Dr. Chris Maru, a physician at Whiteville; seeking injunctive relief and damages.

In the fall of 2008, the plaintiff informed medical personnel at the Deberry Special Needs Facility that a "knot" on the right side of his neck was causing him considerable discomfort.[1] The plaintiff was examined, x-rayed, given medication for his pain and low blood pressure, and was prescribed antibiotics to reduce swelling. However, the plaintiff's discomfort continued to worsen.

---

[1] The plaintiff believes that the "origin of his medical problem stems from a possible ingrown hair."

On at least one occasion, the plaintiff claims that he lost consciousness.

Little less than a year later, the plaintiff was transferred to his present place of confinement. His medication has been continued by the Whiteville medical staff but the knot still gives him problems. The plaintiff claims that he has also lost consciousness there on at least one occasion. He alleges that the defendants have been negligent for failing to subject the knot on his neck to an MRI and for failing to refer him to a vascular surgeon.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The Eighth Amendment guarantees a prisoner the right to medical care. This right has been violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. Estelle v. Gamble, 97 S.Ct. 285 (1976).

In this case, the plaintiff acknowledges that he has been examined by medical personnel about his problem. He further admits that he was given an x-ray and medication, including antibiotics, to control the pain and his low blood pressure. Thus, the defendants have not been deliberately indifferent to plaintiff's medical needs. This dispute, therefore, arises over the adequacy of

the care provided the plaintiff.

When a prisoner has received some medical attention and his claim is a challenge to the adequacy of the care provided, federal courts are generally reluctant to second guess medical judgments and constitutionalize claims which sound in state tort law. <u>Hill v.Jones</u>, 211 F.3d 1269 (6th Cir.2000). Medical malpractice does not become a constitutional tort merely because the victim is a prisoner. <u>Estelle</u>, *supra*. As a consequence, the plaintiff has failed to describe conduct resulting in a violation of federal law. <u>Comstock v. McCrary</u>, 273 F.3d 693, 703 (6th Cir.2001).

Absent a violation of federal law, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Consequently, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge